IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| JULIE A. SU,<br>Acting Secretary of Labor,<br>United States Department of Labor,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>MSRC, LLC d/b/a MOUNTAIN STATE RECOVERY CENTER,<br><br>JOSHUA GALBRAITH,<br><br>and JOSEPH SHAFFER<br><br>　　　　　　　Defendants. | Civil Action No. 2:24-cv-141<br><br>**COMPLAINT** |

## **COMPLAINT**

Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin MSRC, LLC d/b/a Mountain State Recovery Center, and Joshua Galbraith and Joseph Shaffer, individually, as officers and managers of the aforementioned company (collectively "Defendants"), from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendant in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendant pursuant to the Act and an equal amount due to the employees of Defendant in liquidated damages.

1.　Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and by 28 U.S.C. §§ 1331 and 1345.

2.　Defendant, MSRC, LLC d/b/a Mountain State Recovery Center (hereinafter "MSRC") is, and at all times relevant herein was, headquartered and conducting business as a

recovery center and all such related activities at 102 Patrick St Plaza, Charleston, West Virginia 25387 ("Charleston location"), which is within the jurisdiction and venue of this Court.

3. MSRC has an additional site located at 650 Washington Avenue, Huntington, WV 25701 ("Huntington location"), which is also within the jurisdiction and venue of this Court.

4. Defendant Joshua Galbraith (hereinafter "Galbraith") does, and at all times relevant herein mentioned did, manage the Charleston and Huntington locations. Defendant Galbraith does, and at all times hereinafter mentioned did, business in West Virginia, as he manages the daily operations and directs employment practices of the Charleston and Huntington locations. Defendant Galbraith is, and at all times relevant herein was, actively involved in the day-to-day operations of both locations, including supervising employees, hiring and firing employees, setting policies, setting pay rates, and preparing paychecks for employees. Defendant Galbraith acted directly or indirectly in the interest of the Charleston and Huntington locations in relation to its employees at all times relevant herein and meets the definition of an employer under Section 3(d) of the Act.

5. Defendant Joseph Shaffer (hereinafter "Shaffer") does, and at all times relevant herein mentioned did, manage the Charleston and Huntington locations. Defendant Shaffer, does, and at all times hereinafter mentioned did, business in West Virginia, as he manages the daily operations and directs employment practices of the Charleston and Huntington locations. Defendant Shaffer is, and at all times relevant herein was, actively involved in the day-to-day operations of both locations, including supervising employees, hiring and firing employees, setting policies, setting pay rates, and preparing paychecks for employees. Defendant Shaffer acted directly or indirectly in the interest of the Charleston and Huntington locations in relation

to its employees at all times relevant herein and meets the definition of an employer under Section 3(d) of the Act.

6. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the Act, in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose. These activities constituted (and/or were related to) the use of medication and therapy to obtain and maintain recovery for addicts, in furtherance of the business purposes of Defendants' business entity.

7. At all times relevant herein, Defendants have employed, and are employing, employees in and about their place of business in the activities of an enterprise engaged in commerce. Defendants employ persons that create treatment plans for addicts and persons who implement the treatment. Further, at all times relevant herein, Defendants have had annual gross volume sales made or done in an amount not less than $500,000, thereby affording coverage to all of their employees pursuant to Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203 (s)(1)(A)(ii).

8. From at least August 1, 2020, until at least July 23, 2022 ("Relevant Period"), Defendants employed the individuals listed in the attached Schedule A (collectively referred to herein as "employees") at some point during the Relevant Period.

9. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act, by employing their employees, in an enterprise engaged in commerce for workweeks longer than those prescribed in Section 7 of the Act without compensating said employees for hours worked over forty (40) in a workweek at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) and 17 of the Act.

3

10. For example, Defendants failed to compensate certain non-exempt employees, who worked over forty (40) hours in a workweek, at one and one-half times their regular rate. These employees, primarily Peer Review Support Specialists (hereinafter "PRSS"), did not receive time and one-half their regular rates for all hours worked over forty in a workweek.

11. Defendant Galbraith and Defendant Shaffer informed PRSS immediately when hired that they would not receive one and one-half times their regular rate for overtime hours. Defendants knew or recklessly disregarded their obligation to pay their employees one and one-half their regular rates for hours worked in excess of forty per workweek. The Defendants misclassified PRSS as independent contractors to avoid paying these workers one and one-half their regular rates for hours worked in excess of forty per workweek, despite the fact that these workers were employees of MSRC. The Defendants supervised these employees on a day-to-day basis, set their hours and rates of pay, provided all tools and equipment, and controlled the manner of the employees' work.

12. Defendants previously classified PRSS as employees. It misclassified them as independent contractors after the Wage and Hour Division notified them of an investigation.

13. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to make, keep and preserve adequate and accurate records of their employees' wages, hours and other conditions of employment, as required by the regulations issued and found at 29 C.F.R. Part 516.

14. Defendants also willfully violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of many of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the regulations issued and found at 29 C.F.R Part 516.

15. For example, Defendants failed to maintain daily and weekly hour totals from August 2020 through October 2021. During that time Defendants only recorded bi-weekly hours worked by employees.

16. Additionally, Defendants failed to keep and maintain accurate records reflecting the amount of overtime hours worked by employees. Records reflect that straight time amounts were paid for hours worked over 40 instead of the statutorily required time and one-half compensation. These employees did not receive time and one-half their regular rate for all hours worked over forty in a workweek.  So, Defendants failed to keep and preserve payroll records for employees for at least three years, including an accurate record of employees' total weekly straight-time earnings and total weekly overtime premium pay.  29 C.F.R. §§ 516.2(a), 516.5(a).

17. As a result of the willful violations alleged above, amounts are owed for hours worked that were paid at rates less than the rates set forth in Sections 7 of the Act for the employees named in Schedule A attached to this Complaint. Additional amounts may be due to other employees employed by Defendants during the time period covered by this Complaint (and continuing up to the time Defendants demonstrate that they came into compliance with the Act) whose identities are not now known to Plaintiff.

WHEREFORE, cause having been shown, the Acting Secretary prays for judgment against the Defendants providing the following relief:

1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act;

2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in

the attached Schedule A for the period from at least March 19, 2022 through at least July 23, 2022, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after July 23, 2022, and may be owed to certain current and former employees presently unknown to the Acting Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; and;

      3)      For an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid overtime compensation found due defendants' employees;

      4)      In the event liquidated damages are not awarded, for an Order awarding prejudgment interest computed at the underpayment rate established by the Acting Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in her favor, and an order granting such other and further relief as may be necessary and appropriate.

                                              Respectfully submitted,

| Mailing Address: | **UNITED STATES DEPARTMENT OF LABOR** |
|---|---|
| U.S. Department of Labor<br>Office of the Regional Solicitor<br>U.S. Department of Labor<br>Office of the Regional Solicitor<br>1835 Market Street<br>Mailstop SOL/22 | Seema Nanda<br>Solicitor of Labor<br><br>Samantha N. Thomas<br>Deputy Regional Solicitor |

6

| | |
|---|---|
| Philadelphia, PA 19103-2968<br>(215) 861-4858 (voice)<br>(fax)<br>Johnson.Kristin.J@dol.gov | Channah Broyde<br>Associate Regional Solicitor<br><br>Elizabeth A. Kuschel<br>Acting Wage and Hour Counsel<br><br><br>/s/ *Kristin J. Johnson*<br>Kristin J. Johnson<br>Trial Attorney<br>PA State Bar # 322366<br><br>William S. Thompson |
| Date: March 21, 2024 | United States Attorney<br>Southern District of West Virginia<br><br>/s/ Jennifer M. Mankins<br>Jennifer M. Mankins (W.Va. Bar No. 9959)<br>Assistant United States Attorney<br>United States Attorney's Office<br>300 Virginia Street East, Room 4000<br>Charleston, WV 25301<br>Phone: 304-345-2200<br>Fax: 304-347-5443<br>Email: jennifer.mankins@usdoj.gov<br><br>*Attorneys for JULIE A. SU*<br>*Acting Secretary of Labor, Plaintiff* |