IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JULIE A. SU,

                Plaintiff,

v.                                          CIVIL ACTION NO. 2:24-cv-00141

MSRC, LLC, et al.,

                Defendants.

MEMORANDUM OPINION AND ORDER

      Pending before the court are two motions to dismiss, [ECF Nos. 13, 19]. The first, [ECF No. 13], was filed by Defendants Joseph Shaffer and MSRC, LLC d/b/a Mountain State Recovery Center ("MSRC") on May 29, 2024. Plaintiff, the Acting Secretary of Labor for the United States Department of Labor, Julie A. Su (the "Secretary"), responded, [ECF No. 15], and Defendants replied, [ECF No. 16]. The second motion to dismiss, [ECF No. 19], was filed by Defendant Joshua Galbraith on July 2, 2024. The Secretary responded, [ECF No. 22], on July 12, 2024. Defendant Galbraith's reply, if any, was due to be filed no later than July 19, 2024. *See* Loc. R. Civ. P. 7.1(a)(7). Defendant Galbraith neither filed a reply nor sought an extension of time to do so. Thus, both motions are ripe for adjudication. Because the motions are identical in content,[1] I will dispose of them together. For the following reasons, the

---

[1] The Court recognizes that all defendants are represented by the same attorney in this case and

Motions, [ECF Nos. 13, 19], of Defendants MSRC, Shaffer, and Galbraith (collectively, "Defendants") are **DENIED.**

I. Background

This case arises from repeated alleged violations of the Fair Labor Standards Act ("FLSA") by Defendants. [ECF No. 1]. MSRC is a treatment and recovery center that helps those suffering from substance abuse disorders achieve and maintain recovery through the use of medication and therapy. *Id.* ¶ 6. In furtherance of this goal, MSRC employs individuals who create and implement treatment plans. *Id.* ¶ 7. MSRC is headquartered in Charleston, West Virginia, and has an additional location in Huntington, West Virginia. *Id.* ¶¶ 2–3. Defendants Galbraith and Shaffer manage both locations. *Id.* ¶¶ 4–5. The Secretary alleges that Defendants Galbraith and Shaffer were "actively involved" in the daily operations and employment practices of both MSRC locations "including supervising employees, hiring and firing employees, setting policies, setting pay rates, and preparing paychecks for employees." *Id.*

The Secretary alleges that during the relevant period—approximately August 1, 2020, through at least July 23, 2022—Defendants willfully violated provisions of the FLSA by failing to properly compensate employees—mainly Peer Review Support Specialists—for overtime worked and by failing to satisfy their recordkeeping obligations under the statute. *Id.* ¶¶ 9, 13. Defendants allegedly told the peer review

---

strongly cautions counsel to refrain from this copy-and-paste approach to motion practice going forward as this inappropriate practice unnecessarily exhausts judicial resources by requiring the court to comb through word-for-word identical briefings in search of novel content.

2

support specialists when they were hired that they would not be paid for overtime hours. *Id.* ¶ 11. Further, the Secretary claims that Defendants intentionally misclassified the peer review support specialists as independent contractors rather than employees to avoid their obligation to pay those workers for overtime hours under the FLSA. *Id.* With respect to Defendants' recordkeeping obligations under the FLSA, the Secretary alleges that Defendants "only recorded bi-weekly hours worked by employees" in contravention of the statutory requirement that they maintain records of the hours worked by employees on a daily and weekly basis. *Id.* ¶¶ 15–16; *see* 29 C.F.R. § 516.2(a)(7)–(9).

The Secretary filed a Complaint against Defendants on March 21, 2024. [ECF No. 1]. Defendants filed their motions to dismiss, [ECF Nos. 13, 19], arguing that the Secretary "has not plead [sic] sufficient facts against the Defendants." [ECF No. 14, at 1]; [ECF No. 20, at 1][2]. Specifically, Defendants argue that (1) the Secretary does not allege enough facts in her Complaint to "nudge" the allegations of FLSA violations by Defendants from simply conceivable to plausible; (2) the Secretary does not plead sufficient facts to establish that Defendants engaged in interstate commerce and thus were subject to the FLSA; (3) the Secretary does not plead sufficient facts to establish that the improperly paid individuals were employees or that Defendants Shaffer and Galbraith were employers within the meaning of the FLSA; and for overtime hours were employees within the meaning of the FLSA; (4) the Secretary's claim is time-

---

[2] Herein, page numbers correspond to the CM/ECF page numbers.

3

barred by the FLSA's statute of limitations. [ECF No. 14, at 3, 6, 9, 11, 12]; [ECF No. 20, at 3, 6, 9, 11, 12]. The Secretary contends in response that she has pled sufficient facts to "put[] Defendants on notice as to the nature of the allegations against them." [ECF No. 15, at 6]; [ECF No. 22, at 6].

## II. Legal Standard

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When ruling on a motion to dismiss, courts must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Farnsworth v. Loved Ones in Home Care, LLC*, No. 2:18-CV-01334, 2019 WL 956806, at *1 (S.D.W. Va. Feb. 27, 2019) (citing *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)).

To survive a motion to dismiss, the plaintiff's factual allegations, taken as true, must "state a claim to relief that is plausible on its face." *Robertson v. Sea Pines Real Estate Co.*, 679 F.3d 278, 288 (4th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). The plausibility standard is not a probability requirement, but "asks for more than a sheer

possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). To achieve facial plausibility, the plaintiff must plead facts allowing the court to draw the reasonable inference that the defendant is liable, moving the claim beyond the realm of mere possibility. *Id.* at 570. Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555. Thus, "a complaint is to be construed liberally so as to do substantial justice." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017).

### III. Discussion

Defendants argue that the Secretary's Complaint should be dismissed in its entirety on four different grounds. The court will address each purported ground for dismissal in turn.

#### a. Fair Labor Standards Act Violations

The FLSA prohibits employers from employing an employee who works more than forty hours in any given workweek unless that employee is paid at least one and one-half times the employee's regular rate. 29 U.S.C. § 207(a)(1). The statute further requires employers to "make, keep, and preserve" records as required by the FLSA regulations. *Id.* § 211(c). The Secretary alleges that Defendants violated the statute by failing to properly compensate employees for overtime hours worked and by failing to maintain records in accordance with the statute. [ECF No. 1, ¶¶ 9, 13]. Defendants argue that the Secretary does not plead enough facts in her Complaint regarding the

5

failure to pay employees the overtime premium and the preservation of records to survive a 12(b)(6) challenge. [ECF No. 14, at 3–6]; [ECF No. 20, at 3–6].

While "[n]o federal circuit court has interpreted *Twombly* and *Iqbal* as requiring FLSA plaintiffs to plead in detail the approximate number of hours worked or wages owed," there is no consensus on the degree of specificity that is required of FLSA plaintiffs to survive a motion to dismiss. Julia A. Totten & Michael W. Disotell, *Between the Possible and the Plausible: Employment Litigation in the Wake of* Twombly *and* Iqbal, 31 A.B.A. J. Lab. & Emp. L. 109, 119–20 (2015). The Fourth Circuit, as well as several of its sister circuits, has adopted a more lenient approach under which to overcome a motion to dismiss on an FLSA overtime claim, "a plaintiff must provide sufficient factual allegations to support a reasonable inference that he or she worked more than forty hours in at least one workweek and that his or her employer failed to pay the requisite overtime premium for those overtime hours." *Hall*, 846 F.3d at 776–77; *see Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013); *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241–43 (3d Cir. 2014); *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644–45 (9th Cir. 2014); *Manning v. Bos. Med. Ctr. Corp.*, 725 F.3d 34, 46–47 (1st Cir. 2013); *see generally* Jerad T. Whitt, Comment, *Welcome to the Working Week: The Minimum Pleading Standard for Unpaid Overtime Claims Under the Fair Labor Standards Act of 1938*, 84 Cin. L. Rev. 1455 (2016) (discussing both models of pleading standards in FLSA cases and advocating for a less stringent approach).

However, in this circuit the standard is even more lenient. The Fourth Circuit specifically rejected the requirement that an FLSA plaintiff "identify a *particular* week in which they worked uncompensated overtime hours." *Hall*, 846 F.3d at 777 (emphasis in original). Plaintiffs must do more than simply allege that they worked more than forty hours per week on a regular basis without being properly compensated for those overtime hours, but they need not plead with particularity the week or weeks in which they worked overtime hours for which they were not compensated. *Id.* Rather, plaintiffs are required to "provide some factual context that will nudge their claim from conceivable to plausible." *Id.* (internal quotations omitted) (quoting *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013)).

The plausibility of a claim is context specific. *Lundy*, 711 F.3d at 114 (citing *Iqbal*, 556 U.S. at 679). To meet this standard, a plaintiff may "estimat[e] the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, *or any other facts* that will permit the court to find plausibility." *Landers*, 771 F.3d at 645 (emphasis added).

Applying this standard here, I conclude that the allegations in the Secretary's Complaint "provide a sufficient basis to support a reasonable inference that [the peer review support specialists] worked uncompensated overtime hours" while employed by Defendants. *Hall*, 846 F.3d at 777. The Secretary's Complaint clearly sets out that employees of Defendants worked workweeks over forty hours without overtime

7

premium compensation for hours worked in excess of forty. [ECF No. 1, ¶¶ 9, 10]. While this allegation alone would not be sufficient to overcome a motion to dismiss, the Secretary's other allegations regarding Defendants' employment practices permit the court to find plausibility in this case.

Specifically, the Secretary names an explicit class of employees—Peer Review Support Specialists—who were denied proper overtime compensation by Defendants. *Id.* ¶ 10. Included as an exhibit to the Complaint—labeled Schedule A—is a list of employees who worked uncompensated overtime hours. [ECF No. 1-1]. The Secretary also claims that Defendants Shaffer and Galbraith told the peer review support specialists when they were hired that they would not be compensated for overtime hours worked. [ECF No. 1, ¶ 11]. It is further alleged—rather concerningly—that Defendants intentionally misclassified the peer review support specialists as independent contractors rather than employees to avoid FLSA liability after becoming aware of an investigation into their employment practices by the U.S. Department of Labor Wage and Hour Division. *Id.* ¶ 12.

At this stage of the litigation, my consideration of the Secretary's Complaint must focus on the degree to which she has alleged that Defendants' employees worked more than forty hours in a workweek and were not properly compensated for those overtime hours. Because a plaintiff can establish a plausible overtime claim by illustrating facts other than the length of a typical workweek and the estimated amount of uncompensated overtime, the factual context that the Secretary provides

is highly relevant. Supplementing the initial allegation that "employees, primarily [peer review support specialists], did not receive time and one-half their regular rates for all hours worked over forty in a workweek," the Secretary's Complaint details the class of affected employees, provides a list of those employees, and alleges that Defendants acted purposefully to evade their obligations under the FLSA to pay employees an overtime premium. [ECF No. 1, ¶¶ 8–12]. This level of detail in the factual context of the Secretary's allegations nudges the claims against Defendants from the merely conceivable to the plausible. As that is all that is required at this stage, dismissal is not warranted on this ground.

Defendants also contend that the Secretary has not alleged sufficient facts to establish a plausible claim for FLSA recordkeeping violations. [ECF No. 14, at 6]; [ECF No. 20, at 6]. I disagree and find that the Secretary has alleged sufficient facts to establish the plausibility of the FLSA recordkeeping claim. My consideration of whether the Secretary has alleged sufficient facts to support the FLSA recordkeeping claim is informed by the Supreme Court's guidance that the FLSA "must not be interpreted or applied in a narrow, grudging manner." *Tenn. Coal, Iron & R.R. v. Muscoda Loc. No. 123*, 321 U.S. 590, 597 (1944) (superseded by statute on other grounds).

Defendants argue the Secretary has "alleged no more than the elements" of an FLSA recordkeeping claim. [ECF No. 14, at 6]; [ECF No. 20, at 6]. In support of this argument, Defendants rely on *Walsh v. Lalaja, Inc.*, wherein the Eastern District of

9

North Carolina dismissed an FLSA recordkeeping claim because the plaintiff simply alleged "a failure to keep and preserve adequate and accurate records" with no additional facts. 565 F. Supp. 3d 766, 772 (E.D.N.C. 2021) (internal quotation marks omitted).

However, in the present case, the Secretary asserts more factual allegations than the simple recitation of the statutory elements that the court in *Walsh* deemed inadequate. The Secretary specifically alleges that Defendants "failed to maintain daily and weekly hourly totals from August 2020 through October 2021." *Id.* ¶ 15. Furthermore, the Secretary alleges that Defendants "only recorded bi-weekly hours worked by employees." *Id.* ¶¶ 15–16. Finally, the Secretary also claims that, in addition to failing to properly compensate employees for overtime hours worked, Defendants failed to "keep and maintain accurate records reflecting" those overtime hours. *Id.* ¶ 16. The Secretary contends that Defendants' records demonstrate that employees were not paid the overtime premium and thus they failed to keep "an accurate record of employees' total weekly straight-time earnings and total weekly overtime premium pay." *Id.*; 29 C.F.R. §§ 516.2(a), 516.5(a). This degree of granularity nudges the Secretary's claims against Defendants from merely conceivable to plausible. Accordingly, dismissal is also not warranted on this ground.

### b. Enterprise Coverage

Next, Defendants argue that the Secretary's Complaint should be dismissed because the Secretary fails to plead facts to establish that Defendants were engaged

in interstate commerce and, thus, were subject to the FLSA. [ECF No. 14, at 6–8]; [ECF No. 20, at 6–8]. Specifically, Defendants claim that in order for an employee to demonstrate he is covered by the FLSA there must be "a showing that the jurisdictional prerequisite of 'interstate commerce' exists in a given case." [ECF No. 14, at 7]; [ECF No. 20, at 7]. In support of this argument, Defendants contend that the Secretary pleads no facts that establish that they were engaged in commerce or that their activities exceeded the boundaries of the State of West Virginia. [ECF No. 14, at 8]; [ECF No. 20, at 8]. In response, the Secretary asserts that dismissal is not justified on this basis because involvement in interstate commerce is not a jurisdictional prerequisite in FLSA case, "but rather an element of proof." [ECF No. 15, at 7 (citing *Velasquez v. Salsas & Beer Rest., Inc.*, 735 F. App'x 807, 809 (4th Cir. 2018))]; *see also* [ECF No. 22, at 7]. Furthermore, the Secretary argues that Defendants were covered by the FLSA via enterprise coverage which is designed to capture "virtually every business" within the scope of the FLSA. [ECF No. 15, at 7 (quoting *Dunlop v. Indus. Am. Corp.*, 516 F.2d 498, 499 (5th Cir. 1975))]; *see also* [ECF No. 22, at 7].

      The FLSA covers all employees who are "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(2). An "[e]nterprise engaged in commerce or in the production of goods for commerce" is defined as an enterprise that (1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or

11

otherwise working on goods or materials that have been moved in or produced for commerce by any person" and (2) "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A). The Fourth Circuit has held that enterprise coverage under the FLSA is an element of proof that plaintiffs must establish to state a claim; it is not a jurisdictional prerequisite. *Velasquez*, 735 F. App'x at 809. Thus, the Secretary need only meet the pleading requirements to survive a 12(b)(6) motion to dismiss.

Here, the Secretary's Complaint sufficiently pleads enterprise coverage to survive dismissal at this stage. The Supreme Court has "consistently construed the FLSA 'liberally to apply to the furthest reaches consistent with congressional direction.'" *Herek v. Old Dominion Club*, No. 3:20cv119-HEH, 2020 WL 2201677, at *3 (E.D. Va. May 6, 2020) (quoting *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 296 (1985)). In her Complaint, the Secretary alleges that "Defendants employ persons that create treatment plans for addicts" and that Defendants' gross annual sales made is no less than $500,000. [ECF No. 1, ¶ 7]. These allegations sufficiently plead enterprise liability. There is a growing body of law emerging from district courts in this Circuit that supports the proposition that dismissal on the basis of enterprise coverage is improper where the plaintiff pleads that the defendant engaged in commerce and had gross annual sales in excess of $500,000. *See Herek*, 2020 WL 2201677, at * 3; *Pili v. Patel*, No. 3:18cv317, 2019 WL 180185, at *8 (E.D. Va. Jan. 11, 2019); *see also Ergashov v. Glob. Dynamic Transp., LLC*, 680 F. App'x

12

161, 163 (4th Cir. 2017) (affirming the dismissal of an FLSA case where the plaintiff failed to allege both elements of enterprise coverage). Accordingly, dismissal is not warranted on this ground.

### c. Employer-Employee Relationship

Defendants next argue that dismissal is warranted because the Secretary has not pled sufficient facts to establish (1) that Defendants Shaffer and Galbraith were employers within the meaning of the FLSA, and (2) that the relevant workers were employees of Defendants within the meaning of the statute. [ECF No. 14, at 9, 12]; [ECF No. 20, at 9, 12]. I disagree.

FLSA liability is conditioned on the existence of an employer-employee relationship. *Benshoff v. City of Va. Beach*, 180 F.3d 136, 140 (4th Cir. 1999). Employer is defined to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). This includes individuals with "managerial responsibilities and 'substantial control of the terms and conditions of the work'" done by employees. *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 83 (4th Cir. 2016) (quoting *Falk v. Brennan*, 414 U.S. 190, 195 (1973)). Likewise, the FLSA broadly defines an employee as "any individual employed by an employer." 29 U.S.C. § 203(e). Theses wide-reaching definitions bring individuals who otherwise would not be covered under a strict application of more traditional agency law principles within the purview of the FLSA. *Schultz v. Cap. Int'l Sec., Inc.*, 466 F.3d 298, 304 (4th Cir. 2016).

To determine whether such a relationship exists, courts apply the "economic reality" test. *Id.* (citing *Henderson v. Inter-Chem Coal Co.*, 41 F.3d 567, 570 (10th Cir. 1994)). The essential inquiry of the economic reality test is whether a worker is dependent on the business for which he works or if he is essentially in business for himself. *Id.* To determine the existence of an employer-employee relationship, courts look to whether the purported employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Kerr*, 824 F.3d at 83 (citing *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999)). While no factor in the test is dispositive, it is clear to me that the facts alleged by the Secretary sufficiently establish the existence of an employer-employee relationship to survive a motion to dismiss.

The Secretary alleges that Defendants Shaffer and Galbraith were "actively involved in the day-to-day operations" of both MSRC locations, and were responsible for employment practices, including the supervision, hiring, and firing of employees, "setting policies, setting pay rates, and preparing paychecks for employees." [ECF No. 1, ¶¶ 4–5]. Taking these factual allegations as true, Defendants Shaffer and Galbraith had the authority to hire and fire employees. They were responsible for employment practices and set workplace policies. They set the pay rates for employees and prepared their paychecks. Furthermore, the Complaint sets forth that not only were the individually named Defendants responsible for maintaining

14

employment records but that they failed to do so properly. *Id.* ¶¶ 15–16. I find that the Secretary has sufficiently pled the existence of the employer-employee relationship, *see Farnsworth*, 2019 WL 956806, at *1, and dismissal on this ground is improper at this stage.

### d. Statute of Limitations

In addition to the other concerns raised by Defendants in their Motions to Dismiss, [ECF Nos. 13, 19], and accompanying Memorandum in Support, [ECF Nos. 14, 20], Defendants also argue that the Secretary's claims under the FLSA are time-barred. [ECF No. 14, at 11–12]. Statutes of limitations "limit the temporal extent or duration of liability." *CTS Corp. v. Waldburger*, 573 U.S. 1, 7 (2014). Most are designed "to protect defendants against stale or unduly delayed claims." *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008). "An assertion that a claim is time-barred is an affirmative defense that a defendant—not a plaintiff—must prove. *Burgess v. Infinity Fin. Emp. Servs., LLC*, No. 2:11-cv-00946, 2012 WL 399178, at *5 (S.D. W. Va. Feb. 7, 2012) (citing *Goodman v. Praxair*, 494 F.3d 458, 464 (4th Cir. 2007)).

Motions to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) "generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." *Id.* On a 12(b)(6) motion to dismiss, the court may only reach the affirmative defense if all facts necessary "clearly appear[] on the face of the complaint." *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4

F.3d 244, 250 (4th Cir. 1993)). Here, I **FIND** that all the facts necessary to show that the Secretary's FLSA claims are time-barred do not clearly appear on the face of the Complaint. Accordingly, dismissal is not warranted on this ground.

### IV. Conclusion

For the foregoing reasons, Defendants MRSC and Shaffer's Motion to Dismiss, [ECF No. 13], and Defendant Galbraith's Motion to Dismiss, [ECF No. 19], are **DENIED.** The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 20, 2024

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE